http://www.va.gov/vetapp16/Files4/1634336.txt

Citation Nr: 1634336 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 07-23 901 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona

THE ISSUE

Entitlement to a total disability based on individual unemployability (TDIU).

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

L. S. Kyle, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1979 to June 1983 and from March 1984 to October 1987.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

This matter was previously before the Board in June 2011 when it was remanded for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran requested a Travel Board hearing regarding the issue of entitlement to TDIU in a statement submitted on an October 2015 VA Form 9. The October 2015 VA Form 9 appears to be a response to an August 2015 statement of the case regarding the issues of service connection for a dental disorder and higher initial ratings for hypertension and hyperactive airways disorder with recurrent bronchospasms, as well as the supplemental statement of the case issued on the same date regarding the issue of entitlement to TDIU. There is no indication from the record that this request has been withdrawn. The Veteran is entitled to a hearing regarding TDIU, but has not been scheduled for one. 38 C.F.R. §§ 20.700, 20.703 (2015).

The Board notes the issues of service connection for a dental disorder and increased ratings for hypertension and hyperactive airways disorder with recurrent bronchospasms have been docketed for a Travel Board hearing and are in a pre-certification status with the Board. The issue of entitlement to TDIU should be docketed with these underlying issues if possible.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Travel Board hearing regarding the issue of entitlement to TDIU. If possible, the hearing regarding TDIU should be schedule in conjunction with the other issues for which the Veteran is awaiting a Travel Board hearing, to include service connection for a dental disorder and increased ratings for hypertension and hyperactive airways disorder with recurrent bronchospasms.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).